UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BREON CAMP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEXISNEXIS CONSUMER CENTER, TRANSUNION, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>　　　　Defendants. | Case No. 2:21-cv-01188-GMN-EJY<br><br>**ORDER** |

Pro se Plaintiff Breon Camp brings this case against LexisNexis Consumer Center, TransUnion, and Equifax under the Fair Credit Reporting Act ("FCRA"). ECF No. 1-1. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 1. The Court finds as follows.

I.      *In Forma Pauperis* Application

The Court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person who is unable to pay such fees or provide the security required. 28 U.S.C. § 1915(a)(1). Plaintiff's financial declaration submitted as part of his IFP application indicates that he has a monthly income of $3,600. ECF No. 1 at 3. Plaintiff's monthly expenses total $2,989, resulting in approximately $611 in expendable income. *See id*. at 2. This information does not qualify Plaintiff for a waiver of the $402 filing fee. However, the Court recognizes that a one-time payment of $402 may present a strain on Plaintiff's monthly budget, especially given other expenses that may arise unexpectedly. While this difficulty alone does not qualify as indigency (*United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)), the Court orders Plaintiff to make monthly payments of $50, except for the first payment that shall be $52, until the $402 filing fee is paid in full. The schedule of payments appears in the Order below.

**II.     Screening the Complaint**

    **A.     Legal Standard**

The Court now screens Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    **B.     Discussion**

Plaintiff brings his case against Defendants, identified as consumer reporting agencies, pursuant to the FCRA. ECF No. 1-1 at 1. He contends that in June 2020 he received a copy of his consumer credit report from Equifax and discovered that it contained "unverifiable and inaccurate information" concerning a bankruptcy filing. *Id.* at 2. Plaintiff disputed the entry with LexisNexis, Equifax, and Transunion. Plaintiff claims that the agencies failed "to conduct a proper and

reasonable investigation concerning the inaccurate information" he detailed in his dispute. *Id*. He also claims that Defendants failed to disclose the information contained in his consumer report when he requested it. *Id*. Plaintiff alleges that Defendants are liable for compensatory and punitive damages because they "willfully and negligently" failed to "conduct a proper and reasonable reinvestigation" into Plaintiff's dispute. *Id*. at 3.

Liberally construed, Plaintiff brings claims under FCRA sections 1681i and 1681g. 15 U.S.C. §§ 1681i, 1681g. Pursuant to section 1681(i), consumer reporting agencies must "reinvestigate the accuracy of any item when consumer notifies the agency directly." To state a prima facie violation under section 1681i, a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. *Guimond v. TransUnion Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir. 1995); *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (applying prima facie test in *Guimond* to claims brought under § 1681i). Information is inaccurate "where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw*, 891 F.3d at 759 (quoting *Gorman v. Wolfpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Plaintiff sufficiently alleges that the bankruptcy noted on his credit report is inaccurate, he informed Defendants of the inaccuracy, and Defendants denied his dispute. He further sufficiently alleges that Defendants failed to review and consider information Plaintiff provided in support of his dispute, in violation of section 1681i(a)(4). Plaintiff also alleges that Defendants failed to provide a description of their reinvestigation procedures when requested, in violation of section 1681i(a)(7). Plaintiff states a claim under section 1681i.

15 U.S.C. § 1681g(a) provides, in part, that "[e]very consumer reporting agency shall, upon request and proper identification of any consumer clearly and accurately disclose to the consumer: ...[a]ll information in the consumer's file at the time of the request...." A consumer's file includes "all information on the consumer that is recorded and retained by a [consumer reporting agency] that might be furnished, or has been furnished, in a consumer report on that consumer." *Shaw*, 891 F.3d at 759 (quoting *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)). Plaintiff

sufficiently claims that he requested his consumer information pursuant to section 1681g but did not receive a response.  Plaintiff thus states a claim under section 1681g.[1]

### III.    Order

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis (ECF No. 1) is denied.

IT IS FURTHER ORDERED that Plaintiff shall pay the filing fee of $402 in installments **with the first payment of $52 due on or before September 30, 2021**.

IT IS FURTHER ORDERED that Plaintiff shall make $50 payments approximately every thirty days on October 30, 2021, November 30, 2021, December 30, 2021, January 30, 2022, February 28, 2022, March 30, 2022, and April 30, 2022.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1) and issue the summonses attached at ECF No. 1-3 **when the first payment is made**.

IT IS FURTHER ORDERED that Plaintiff shall have 90 days from the date of his first payment to serve Defendants.  Plaintiff may include the forms he submitted for waiver of service when he mails the Court-issued summons.

Dated this 31st day of August, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).  As such, nothing herein prevents Defendants from filing a motion to dismiss.