UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Breon Camp,

        Plaintiff,

v.

LexisNexis Consumer Center, *et al.*,

        Defendants.

Case No. 2:21-cv-01188-CDS-EJY

**Order Granting Motions to Dismiss (ECF Nos. 15; 30) and Joinder (ECF No. 26), and Denying Motion to Stay (ECF No. 17)**

        Plaintiff Breon Camp brought this action asserting defendants violated the Fair Credit Report Act (FCRA) on September 15, 2021. ECF No. 5. There are three pending motions before the Court with the Court resolves herein with this omnibus Order. The first pending motion is Defendant TransUnion's motion to dismiss the plaintiff's complaint, filed on December 17, 2021, asserting Plaintiff failed to state a claim upon which relief can be granted. ECF No. 15. The second pending motion is TransUnion's motion to stay the case pending resolution of their motion to dismiss. ECF No. 17. The third pending motion is Defendant LexisNexis Consumer Center's motion to dismiss which was filed on March 25, 2022. ECF No. 30.  LexisNexis argues that the case must be dismissed because the Plaintiff failed to state a claim upon which relief can be granted and further because the Court lack's subject matter jurisdiction. *Id.*

        The deadline to respond to TransUnion's motions was December 31, 2021. *See* ECF Nos. 16, 17; *see also* Local Rule (LR) 7-2(b) (for motions other than summary judgment, the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion.). The deadline to response to the motion to dismiss filed by LexisNexis was April 8,

2022. ECF No. 30; LR 7-2(b). To date, Plaintiff has not filed any responses to the three pending motions.

**Discussion**

Unlike motions for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53.

Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d). Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. Over eight months has passed since TransUnion filed their motions, and almost five months has passed since LexisNexis filed its motion to dismiss. Plaintiff has not filed an opposition to those motions, asked for more time to respond, or filed anything else seeking relief.

The third factor also weighs in favor of dismissal of Plaintiff's claims. Here, is there is no risk to defendants as two of the three Defendants filed motions to dismiss the action, and third, Equifax Information Services, LLC joined TransUnion's dismissal motion. ECF No. 26.

While the fourth factor further weighs against dismissal because it will not resolve the case on the merits, the fifth factor – the consideration of less drastic options - does weight in favor of dismissal because the Court is dismissing this action without prejudice. That is a less drastic option than dismissing this action with prejudice.

**Conclusion**

Accordingly, four of the five *Henderson* factors weigh in favor of dismissing this action at this time.

IT IS HEREBY ORDERED that Defendant TransUnion's Motion to Dismiss (ECF No. 15) is GRANTED without prejudice.

IT IS FURTHER ORDERED that Defendant TransUnion's Motion to Stay (ECF No. 17) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant Equifax Information Services LLC's Joinder to TransUnion's Motion to Dismiss (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that Defendant LexisNexis Consumer Center's Motion to Dismiss (ECF No. 30) is GRANTED without prejudice.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this August 15, 2022

_____
Cristina D. Silva
United States District Judge